# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WOODROW VALASTA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 12-394-FHS-SPS |
| ) | |
| GARY McCOOL, et al, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss. The court has before it for consideration plaintiff's complaint, the defendants' motions, and plaintiff's responses. Plaintiff, a former inmate of the Oklahoma Department of Corrections (DOC), alleges his constitutional rights were violated by officials of the Atoka County Jail during his incarceration there. The defendants are Gary McCool, former Sheriff of Atoka County; Tony Taylor, Undersheriff; Kim Winters, Jail Administrator; Brenda Hummel, Dispatcher/ Pill Dispenser; Mary Williams Golden, Jailer; Chivas Hughes, Jailer; Crawford, Jailer; Kyle Kelly, Jailer; Dennis Eldridge, Jailer; and Terry, Night Shift Supervisor.

Plaintiff alleges he was incarcerated in the Atoka County Jail in Atoka, Oklahoma, from April 5, 2011, until September 1, 2011, when he was transferred to the Bryan County Jail in retaliation for his filing grievances. He claims Atoka County Jail officials labeled him a "troublemaker" and told jailers at the Bryan County Jail that he liked to file grievances.

According to plaintiff, the Bryan County jailers immediately placed him in a lockdown cell, where he remained until November 1, 2011. He then was returned to the Atoka County Jail until November 15, 2011, when he was transported to the Lexington Assessment and Reception Center in Lexington, Oklahoma.

Plaintiff complains that officials at the Atoka County Jail maliciously and sadistically failed to provide him with adequate health care, in violation of the Eighth Amendment. He claims his medications for pain and high blood pressure were withheld on numerous

occasions as a form of punishment, causing him to suffer long-term physical and psychological injuries. In addition, the defendants did not have proper blood pressure testing equipment and denied him professional medical attention. The defendants also allegedly discussed plaintiff's personal problems in front of the other inmates, causing him to suffer humiliation, embarrassment, and emotional distress. Finally, he asserts Defendant McCool failed to ensure proper training in the handling and dispensing of medications, failed to keep medical staff and equipment in close proximity to inmates at all times, and was deliberately indifferent to plaintiff's pain, suffering, and medical needs.

**Standard of Review**

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff

2

requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of the defendants' motions.

**Defendant McCool**

Defendant Gary McCool has filed a motion to dismiss (Docket No. 16), alleging plaintiff's single allegation against him is not one on which relief may be granted. Although the complaint makes allegations against unspecified defendants collectively, the complaint makes only one specific allegation against McCool:

> Failure of Sheriff, Gary McCool, to ensure employees of Atoka County Jail are properly trained in the handling and dispensing of medicines, and failure to have Medical Staff and Medical Equipment in close proximity to inmates at all times, being deliberately indifferent to the plaintiff's and other inmates [sic] pain, suffering, and medical needs is medical negligence.

(Docket No. 2-2 at 2-3).

Plaintiff's allegation of medical negligence actually is a tort claim that is subject to the requirements of the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51 § 151. (OGTCA).[1] The OGTCA is the exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity in tort. *Fuller v. Odom*, 741 P.2d 449, 451-53 (Okla. 1987). In the OGTCA, Okla. Stat. tit. 51, § 152.1(A), the legislature adopted and reaffirmed sovereign immunity for the State, its political subdivisions, and all employees acting within the scope of their employment. This immunity is subject to a limited waiver to the extent and the manner specifically provided for by the provisions of the other sections of the Act. Okla. Stat. tit. 51, § 152.1(B).

Under the OGTCA, the only proper governmental party to any of plaintiff's purported tort claims would be Atoka County. Okla. Stat. tit. 51, § 163(C). The right to sue a county in the State of Oklahoma is purely statutory, and the mode prescribed by statute for

---

[1] The action, in fact, was expressly brought "pursuant to 51 O.S. 151 . . . ."

prosecuting actions against a county must be strictly followed. *Smith v. State*, 166 P. 463 (1917). The statutory procedure for naming a county as a defendant is found at Okla. Stat. tit. 19, § 4, which specifically provides that "In all suits . . . against a County, the name in which a County shall . . . be sued shall be, 'Board of County Commissioners of the County of _____." The Supreme Court of Oklahoma continually has stated that "[t]his statute is mandatory and requires that all suits prosecuted by or against a county be prosecuted in the name of the board of county commissioners of the county in interest." *Green Construction Co. v. Okla. County*, 50 P.2d 625, 627 (Okla. 1935). Therefore, the Board of County Commissioners of the County of Atoka would be the only properly-named party for any tort claims asserted by plaintiff under the OGTCA.

Even if plaintiff had named the Board as a proper party defendant, any purported tort claims against it necessarily must fail, because the Board is immune from suit for such claims. The OGTCA provides immunity from suit arising from the "[p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility . . . ." Okla. Stat. tit. 51, § 155(24).[2] Further, "[t]he exemption from tort liability as provided in Section 155(24) is all inclusive for tort claims." *Gibson v. Copeland*, 13 P.3d 989, 992 (Okla. Ct. App. 2000) (citing *Medina v. State*, 871 P.2d 1379 (Okla. 1993)); *see also Horton v. State*, 915 P.2d 352, 354 (Okla. 1996) (noting that the state and its political subdivisions are "immune from tort liability to inmates under § 155(24) for the infinite numbers of activities that are involved in prison operations"). According to *Medina* and its progeny, the exemption applies to preserve sovereign immunity against practically any loss or injury, whether to an inmate or other person, resulting from practically any act undertaken in the operation of a jail. *See Medina*, 871 P.2d at 1383 n.13. In fact, § 155(24) may be read so broadly as to mean jail staff "are

---

[2] The Oklahoma Supreme Court recently held unconstitutional and declared void a bill which amended provisions of Okla. Stat. tit. 51, § 155. *See Douglas v. Cox Ret. Props.*, 302 P.3d 789, 793–94 (Okla. 2013). Okla. Stat. tit. 51, § 155(24) was unaffected by either the bill or the subsequent decision of the Oklahoma Supreme Court. *See* H.B. 1603, 52d Leg., 1st Reg. Sess. (Okla. 2009). *See Courtney v. State of Okla., ex rel.*, 722 F.3d 1216, 1228 n.4 (10th Cir. 2013).

expressly immunized from liability while acting within the scope of their employment." *Washington v. Barry*, 55 P.3d 1036, 1039 (Okla. 2002). Because any purported tort claim by plaintiff would necessarily arise in the context of his incarceration in the Atoka County Jail, those claims would fall within the exemption, and the Board would be immune pursuant to Okla. Stat. tit. 51, § 155(24).

Furthermore, Defendant McCool is immune from suit as an individual county officer, pursuant to § 163(C) of the OGTCA:

> Suits instituted pursuant to the provisions of this act shall name as defendant the state or political subdivision against which liability is sought to be established. *In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .*

*Id.* (emphasis added). Therefore, the tort claim against Defendant McCool in his individual capacity is barred by the OGTCA.

Regarding plaintiff's claim that his Eighth Amendment rights and his "Constitutional Right to Privacy" were violated, the complaint makes neither of these claims against Defendant McCool. Although the complaint does not mention 42 U.S.C. § 1983, that statute provides the procedural mechanism for enforcing the constitutional rights which plaintiff claims were violated. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Gallegos v. City and County of Denver*, 984 F.2d 358, 362 (10th Cir. 1993).

The court finds plaintiff has failed to allege McCool participated in the alleged violations of his constitutional rights. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, Defendant McCool is dismissed from this action, pursuant to Fed. R. Civ. P. 12(b)(6).

**Defendants Taylor, Hummel, Golden, Hughes, Kelly, and Eldridge**

Plaintiff's complaint cites Okla. Stat. tit. 51, § 151, with respect to the defendants' alleged unconstitutional "intentional infliction of severe pain and suffering" and "medical negligence." Defendants Taylor, Hummel, Golden, Hughes, Kelly, and Eldridge have filed a motion to dismiss (Docket No. 17), alleging none of them would be a proper party to any claims pursuant to state law under the OGTCA. As discussed above, these individual county officers are immune from suit, pursuant to § 163(C) of the OGTCA.

These six defendants also allege plaintiff has failed to show their personal participation in the acts of which he complains. Also discussed above, liability under § 1983 requires the personal participation in the alleged claimed deprivation of constitutional rights. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007). Furthermore, when the complaint fails to isolate the alleged unconstitutional acts of each defendant, it does not provide adequate notice as to the nature of the claims against each. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). "Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*., 519 F.3d at 1250 (citations omitted). Because plaintiff has failed to allege the personal participation of any of the six defendants, he has failed to state a claim against them.

**Defendants Crawford and Terry**

Neither Defendant Crawford, a jailer at the Atoka County Jail, nor Defendant Terry, the night shift supervisor at the Atoka County Jail has filed a dispositive motion in this case. Nonetheless, the reasons for dismissing Defendants Taylor, Hummel, Golden, Hughes, Kelly, and Eldridge apply to Crawford and Terry. Plaintiff has made no allegations of personal participation by these two defendants, and they are immune from suit, pursuant to OGTCA. Therefore, Defendants Crawford and Terry are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b).

**ACCORDINGLY,** Defendants McCool's motion to dismiss (Docket No. 16) and Defendants Taylor, Hummel, Golden, Hughes, Kelly, and Eldridge's motion to dismiss (Docket No. 17) are GRANTED, and these seven defendants are DISMISSED for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants Crawford and Terry also are DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b).

DATED this 27th day of September, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma