IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

WOODROW VALASTA DAVIS, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-12-394-FHS-SPS
)
KIM WINTERS, )
)
        Defendant. )

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. # 38) filed on March 3, 2014. Plaintiff has not responded to said motion. For the reasons stated below, the Court finds this action should be dismissed against Defendant Winters, pursuant to 42 U.S.C. §1997e(a), for failure to exhaust administrative remedies.

*Background*

Plaintiff, a former inmate of the Oklahoma Department of Corrections (DOC), brought this action pursuant to 42 U.S.C. §1983, seeking unspecified compensatory damages and injunctive relief to enjoin the defendant from "developing, implementing or carrying out policies, customs, plans or procedures that are designed to deprive persons like the Plaintiff or others similarly situated of their federal civil, constitutional right to be free from cruel and unusual punishment and medical negligence." Additionally, plaintiff seeks pre- and post-judgment interest, all court costs and a reasonable attorney's fee.

Plaintiff alleges he was incarcerated in the Atoka County Jail from April 5, 2011 until September 1, 2011 when he was taken to the Bryan County Jail "in retaliation from filing Grievances." On November 1, 2011, Plaintiff was returned to the Atoka County Jail where he remained until November 15, 2011 when he was transported to the Lexington Assessment and Reception Center in Lexington, Oklahoma. Plaintiff asserts Winters violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Plaintiff alleges Defendant Winters advised him he would have to pay for his own treatment. Plaintiff further alleges in July, 2011, his sister asked Defendant Winters why plaintiff did not have his blood pressure medication and why he had not seen a doctor and Defendant Winters indicated she would take care of it but she did nothing.

Plaintiff also alleges his requests to staff from May, 2011 to July, 2011 were not answered nor was he given any medical treatment; however, he does not attach copies of any requests to staff dealing with the issues in his complaint nor does he indicate what issues were raised in these requests to staff other than two issues relating to "lack of privacy in dealing with his medical issues." Additionally, Plaintiff asserts the Atoka County Jail refused to supply him with blood pressure medicine and that the facility did not have a working blood pressure machine or any way to test an inmate's blood pressure. On July 29, 2011, Plaintiff claims he had to be rushed to the Emergency Room of the Atoka County Hospital because his blood pressure was very high. Additionally, plaintiff alleges he was instructed to go the the A.B.C. Clinic in Atoka, Oklahoma for a follow-up in one week but he was not taken there until August 25, 2011, four weeks later.

During this four week period, plaintiff says he was "suffering from severe aches and pains and numbness." On August 5, 2011, plaintiff states he wrote the Chief Medical Officer of DOC asking to be transported to DOC so that he could receive medical treatment. Plaintiff says he never received any reply to his letter.

Thereafter, on August 11, 2011, plaintiff claims he mailed a letter to the Department of Health in Oklahoma City, Oklahoma. On August 31, 2011, however, this letter was returned to him. On the same day that his letter was returned, plaintiff's complaint alleges Alisha Dickerson, the State Health Inspector, came to the Atoka County Jail and told him she had recived a letter from him and wanted to know "What's going on with [him]." Plaintiff complains because Ms. Dickerson addressed him in front of Defendant Winters, two jailers and the other inmates in his housing pod. Plaintiff states he did not advise Ms. Dickerson that he was out of medication or that his medical needs were not being addressed since he feared retaliation by the defendants.

On September 1, 2011, plaintiff alleges he sent a grievance to Defendant Winters complaining because his health problems had not been discussed in private and he felt there was a conflict of interest as "Ms. Dickerson is related to the Sheriff who runs this jail." Plaintiff claims Defendant Winters answered the grievance but would not allow the plaintiff to have his grievance back; rather, Defendant Winters told the jailers to post it on the outside glass of the pod. Thereafter, plaintiff asserts he sent another grievance to Defendant Winters complaining about the lack of privacy in dealing with his grievances. These are the only two grievances plaintiff asserts were filed with the jail administrator while he was in the Atoka County Jail.

Later that evening, plaintiff's complaint indicates his blood pressure was again very high when it was checked by a jailer. While the Atoka County Jail had a blood pressure cuff on this occasion, when the jailer went to get plaintiff's medication the jailer was told the medications had been packed up so they could go with the plaintiff. Plaintiff was transported to Bryan County Jail later that evening.[1] Plaintiff's complaint indicates he "was very displeased with the staff at the Atoka County Jail for sending him to Bryan County Jail where black people are mistreated and subjected to discrimination on a daily basis, and the Jail Administrator for Atoka County, Mrs. Kim winters (sic) knew this." Finally, Plaintiff claims he now has muscle spasms in the fingers of his left hand, and sometimes wakes up with numbness in his left arm, left leg, and left side of his body which is all a result of being denied proper medical treatment while incarcerated within the Atoka County Jail.

### *Legal Analysis*

The Prison Litigation Reform Act of 1996 ("PLRA") provides in part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "An inmate

---

[1] While facts concerning his stay within Bryan County Jail are included in plaintiff's complaint, they formed the basis of a separate lawsuit against Bryan county officials and/or employees. *See*, *Davis v. Sturch, et. al.,* Eastern District of Oklahoma Case No. CIV-12-406-JHP. Therefore, none of these facts will be addressed in dealing with the claims against Defendant Winters in this action.

who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Plaintiff was incarcerated at the Howard McLeod Correctional Center in Atoka, Oklahoma, on the date this lawsuit was filed.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Defendant Winters asserts the affirmative defense of failure to exhaust and Plaintiff has not contested Defendant Winters assertions regarding exhaustion. According to the pleadings before the Court, Atoka County Jail has Inmate Grievance Policy and Procedures which provide an internal grievance procedure for resolving complaints arising from jail operations and plaintiff did not avail himself of those procedures. Accordingly, this complaint must be dismissed pursuant to 42 U.S.C. §1997e(a).

## **CONCLUSION**

For the reasons stated herein, this Court finds Plaintiff's complaint should be **dismissed without prejudice** against Defendant Kim Winters, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust. Defendants Gary McCool, Tony Taylor, Brenda Hummel, Mary Williams Golden, Chivas Hughes, Crawford, Kyle Kelly, Dennis Eldridge, and Terry were dismissed from this action on September 27, 2013, for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). *See*, Dkt. # 33. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** on this 19th day of March, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma